**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THE REYNOLDS AND REYNOLDS
COMPANY,
<u>Plaintiff-Appellant,</u>

No. 96-2077

v.

THOMAS P. HARDEE,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CA-96-327-N)

Argued: December 3, 1997

Decided: December 30, 1997

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge,
and WILSON, Chief United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Patrick John Stewart, VENABLE, BAETJER, HOWARD
& CIVILETTI, L.L.P., Washington, D.C., for Appellants. Dean Tay-
lor Buckius, VANDEVENTER, BLACK, MEREDITH & MARTIN,
L.L.P., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises out of a diversity action asserting breach of contract and violation of trade secrets brought by The Reynolds and Reynolds Company against Thomas P. Hardee. Reynolds appeals from an order of the district court dismissing one claim and granting summary judgment in favor of Hardee on the other. We affirm.

On March 9, 1988, Hardee signed an employment agreement with Jordan Graphics, Inc., as a sales representative for the area surrounding Virginia Beach, Virginia. Jordan manufactured and supplied business forms. The employment agreement contained a covenant not to compete that stated:

> Sales Representative agrees that during the period of one (1) year next following the date of the termination for any reason of his employment with [Jordan], he will not ... engage in or become financially interested in the business of manufacturing, buying, selling, trading and dealing in business forms, including printed matter, stationery, manifolding forms, books of account and pressure sensitive labels in the Territory; and it is hereby provided that if Sales Representative shall violate or attempt to violate any provision of this paragraph, he may be enjoined in an action to be brought in any court of competent jurisdiction and such action shall not be subject to the defense that there exists an adequate remedy at law.

The agreement also contained a provision restricting Hardee's use of Jordan's proprietary information. Hardee agreed that

> all sales files, customer records, and reports used, prepared or collected by him are the property of [Jordan] and agrees

2

that in the event of the termination of his employment with [Jordan] for any reason, he will return and make available to [Jordan] prior to the last day of his employment all sales files, customer records reports in his possession.

Reynolds, like Jordan, manufactures and supplies business forms. On January 23, 1996, Reynolds and Jordan executed an acquisition agreement whereby Reynolds purchased substantially all of Jordan's assets and goodwill, including the employment agreements between Jordan and its sales representatives, among them Hardee. On the day of the sale Hardee was terminated. Simultaneously, Reynolds offered to rehire Hardee under a different employment agreement. This new agreement contained a more restrictive non-competition covenant that extended both the duration and the territory covered. Hardee rejected the new agreement, but offered to work for Reynolds under the terms of his prior agreement with Jordan. Reynolds would not accept those terms, and informed Hardee that it intended to enforce the original covenant.

Reynolds filed this diversity suit in federal district court on March 29, 1996, asserting that Hardee breached this covenant and misappropriated trade secrets. Specifically, Count I of the complaint alleges that in late January 1996, Hardee breached his employment contract by engaging in the supply and sale of business forms in the Virginia Beach area in violation of the non-competition covenant, and by taking proprietary customer artwork with him upon his termination. Count II alleges that Hardee misappropriated the artwork and used it to attract his former Jordan clients, in violation of the Virginia Uniform Trade Secrets Act. See Va. Code Ann.§ 59.1-336 et seq. (Michie 1992 Repl. Vol.).

Reynolds sought to enjoin Hardee from engaging in the business of buying, selling, trading, or dealing in business forms within a sixty-mile radius of Virginia Beach. Reynolds also sought to enjoin Hardee from using any trade secrets that he took from Jordan, including any artwork of his former Jordan clients. Additionally, Reynolds asked for compensatory damages in excess of $50,000 plus costs.

Hardee asserted several grounds before the district court for dismissal or summary judgment. The grounds relevant to this appeal are:

(1) Reynolds lacked standing to sue under the employment agreement because Jordan could not assign the agreement, or the non-competition covenant therein, to Reynolds; and (2) Reynolds failed to produce evidence sufficient to prove that Hardee actually misappropriated any artwork.

As to the breach of contract claim, the district court acknowledged two lines of case law that reflect the conflicting policy considerations underlying the assignability of non-competition covenants that arise in the context of employment agreements. The court reasoned, however, that Hardee's covenant not to compete arose as part of a personal services employment contract. Because personal services contracts are not assignable under Virginia law absent mutual consent, the court concluded that Virginia would most likely follow the line of precedent holding that such non-competition covenants may also not be assigned. Thus, the court held that Jordan could not assign the covenant to Reynolds.

With regard to the remaining count, for violation of the state trade secrets act, the court reviewed the affidavits submitted by both parties and granted Hardee's motion for summary judgment. The court concluded that Reynolds failed to meet its evidentiary burden under Rule 56 to show that a genuine issue of material fact existed with regard to whether Hardee actually took any artwork.

This appeal followed.* Having reviewed the record, briefs, and relevant statutes and case law, and having had the benefit of oral argument, we conclude that the district court did not err. Accordingly, we affirm on the reasoning of the district court. See Reynolds and Reynolds Co. v. Hardee, 932 F. Supp. 149 (E.D. Va. 1996).

AFFIRMED
_____

*Shortly after filing this appeal, Reynolds, who had originally brought this diversity case in federal court and lost, asked us to certify the question of assignability of the non-competition covent to the Supreme Court of Virginia. We declined to do so.

4